# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PAUL LITTRELL, *as the guardian of Benjamin Littrell*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 2:19-cv-0637-DCN ) |
| LANDMARK BUILDERS OF SOUTH CAROLINA, LLC, | ) **ORDER** ) ) |
| Defendant. | ) ) ) |

The following matter is before the court on defendant Landmark Builders of South Carolina, LLC's ("Landmark") motion for summary judgment, ECF No. 33. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On the night of February 12, 2017, Benjamin Littrell ("Littrell") and Alex Lausten ("Lausten") traveled on foot from Lausten's apartment to various establishments in downtown Charleston, South Carolina. At some point that night, Littrell and Lausten were walking south along King Street on the sidewalk when they encountered a construction site between Spring Street and Cannon Street, where Landmark was constructing a boutique hotel. Landmark's construction site and equipment blocked a large portion of the sidewalk on which Littrell and Lausten were traveling. Local law required Landmark to place a sign alerting pedestrians to the obstructed sidewalk at each corner of the block, so that pedestrians knew to cross the street at a corresponding crosswalk before encountering the blocked-off portion of the sidewalk. According to the complaint, Landmark failed to place signs at the corners of the corresponding

1

intersections and instead placed a sign reading "Sidewalk Closed – Cross Here" in the middle of the block, directly in front of the construction site and the blocked-off portion of the sidewalk.  Littrell also alleges that Landmark unlawfully parked construction equipment on the curb, obstructing pedestrians' view of the roadway.  When Littrell and Lausten arrived at the construction site and encountered the blocked-off portion of the sidewalk, they crossed King Street there, mid-block, and Littrell was struck by a northbound vehicle, sustaining serious injuries.

On March 5, 2019, Littrell's father, plaintiff Paul Littrell, filed this negligence action against Landmark on his son's behalf.  ECF No. 1, Compl.  On December 21, 2020, Landmark filed a motion for summary judgment.  ECF No. 33.  On January 19, 2021, Littrell responded.  ECF No. 46.  Landmark did not file a reply, and the time to do so has now expired.  The court held a hearing on the matter on February 24, 2021.  The motion is now ripe for resolution.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In so doing, the court must view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). The plain language of Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion." Major, 2012 WL 2000680, at *1.

### III. DISCUSSION

As an initial matter, there exists a clear dispute as to the location of the "Sidewalk Closed – Cross Here" sign at the time of the accident. As the court outlined above, Littrell alleges that the "Cross Here" sign was located in the middle of the block, directly

abutting the construction site and the blocked-off portion of the sidewalk. Landmark seems to indicate the sign was properly located at the corner of King and Spring streets, directing pedestrians to cross at the corresponding crosswalk.[1] Recognizing the clear factual dispute, Landmark assumes for the purpose of its summary judgment motion that the "Cross Here" sign was located mid-block at the time of the accident, as Littrell contends, and not at the adjacent intersection. ECF No. 33-1 at 25. Even so assuming, Landmark argues that it is entitled to summary judgment on three separate grounds. First, Littrell "cannot prove that his injuries were proximately caused by any action or inaction on the part of Landmark." Id. Second, Littrell's "own negligence exceeds fifty percent." Id. And finally, Littrell's "injuries were caused in part by the actions of other third parties[.]" Id. Because each theory depends on disputed issues of material fact, summary judgment is inappropriate.

### A. Proximate Causation

At the outset, the court finds necessary a brief discussion on a preliminary issue of evidence. Fed. R. Evid. 702 requires that an admissible expert opinion be based upon "scientific, technical, or other specialized knowledge." By negative implication, "Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance." Scott v. Sears, Roebuck, & Co., 789 F.2d 1052, 1055 (4th Cir. 1986). The Fourth Circuit applies the "common knowledge" rule, which finds expert testimony to be

---

[1] Despite its recognition that a legitimate factual dispute exists, Landmark states that "there is no reliable evidence that the sign was not in the correct position on the corner of King and Spring." ECF No. 33-1 at 25 n.7. As the court discusses below, this assertion is at odds with the record. Additionally, the issue of the "reliability" of the evidence belongs to the jury.

unnecessary when reaching the expert's opinion "is something that can sufficiently be done by the jury without help from an expert." United States v. Dorsey, 45 F.3d 809, 815 (4th Cir. 1995); see also Minnesota Lawyers Mut. Ins. Co. v. Batzli, 2010 WL 670109, at *2 (E.D. Va. Feb. 19, 2010) ("Where lay jurors are fully able to understand and appreciate the implications of the evidence admitted, proffered expert testimony will not assist the jury in determining a factual issue . . . and is therefore inappropriate.").[2]

      Landmark supports the first ground of its motion, in part, with the testimony of Littrell's experts, Douglas M. Smits, Stephanie Borzendowski ("Borzendowski") and Ruston Hunt, and through the findings and testimony of its own expert, Brian Boggess. Although the court does not take up admissibility issues at the summary judgment stage absent an objection from the nonmoving party, see Fed. R. Civ. P. 56(c)(2), it has no problem concluding that much of the expert testimony on which Landmark relies would be unhelpful to a trier of fact and thus does not warrant the court's consideration on summary judgment. For example, Borzendowski's opinion that "an inanimate object such as a sign does not force people to cross the road mid-block" because "[i]t is not a physical barrier that would force a path of travel," does not reflect any specialized knowledge and therefore constitutes a common-sense observation that does not warrant the court's attention. ECF No. 33-1 at 27 (quoting ECF No. 33-12, Borzendowski Depo. 64:22–65:3). As such, in determining whether Landmark's acts can be said to be a

---

[2] The "common knowledge" rule makes good sense. The admission of "common sense" expert testimony is dangerous because "the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense." Scott, 789 F.2d at 1055. This is especially true with issues that are traditionally resolved by the jury, like foreseeability. Minnesota Lawyers, 2010 WL 670109, at *2 ("Foreseeability and reasonableness . . . are factual issues that lay jurors can independently understand and assess.").

proximate cause of Littrell's injuries, the court considers only that evidence which might help a finder of fact and pays no mind to obvious statements of ordinary inference. With that evidentiary clarification in mind, the court turns to the issues at hand.

Landmark argues that Littrell cannot demonstrate that his injuries are a proximate cause of Landmark's acts because "even assuming" that the "Cross Here" sign was located mid-block, "all of the testimony demonstrates that [Littrell] . . . could have chosen to return to the crosswalk at the corner of King and Spring [s]treets to cross." Id. at 26–27. In other words, Landmark contends that because the "Cross Here" sign did not force Littrell to cross the street in the middle of the block, it cannot be a proximate cause of his injuries as a matter of law. The law instructs otherwise.

In South Carolina, a plaintiff asserting negligence must demonstrate that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages." Doe v. Marion, 645 S.E.2d 245, 250 (S.C. 2007). "Negligence is not actionable unless it is a proximate cause of the injury." Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 83 (S.C. 1998). "Proximate cause requires proof of both causation in fact and legal cause." Id. (citing Oliver v. S.C. Dep't of Highways and Public Transportation, 422 S.E.2d 128 (S.C. 1992)). "Causation in fact is prove[n] by establishing [that] the injury would not have occurred 'but for' the defendant's negligence," while "[l]egal cause is prove[n] by establishing foreseeability." Id. "Foreseeability is determined by looking to the natural and probable consequences of the complained of act." Id. (citing Koester v. Carolina Rental Ctr., Inc., 443 S.E.2d 392 (S.C. 1994)). The defendant's negligence need not "be

the sole proximate cause of the plaintiff's injury;" instead, the plaintiff must only demonstrate that the defendant's negligence "was at least one of the proximate causes of the injury." Id. (citing Hughes v. Children's Clinic, P.A., 237 S.E.2d 753 (S.C. 1977)).

Littrell contends that Landmark's placement of the "Cross Here" was a proximate cause of his injuries.[3] As an initial matter, the court points out that Littrell has presented sufficient evidence to create a genuine issue of material fact with respect to the location of the sign. Lausten has testified that the "Cross Here" sign was located in the middle of the block on the night of the accident, prompting he and Littrell to cross King Street mid-block, without the benefit of a crosswalk. ECF No. 46-2 at 2; ECF No. 46-3, Lausten Depo. 65:4-9. One week after the accident, Littrell's father, Paul Littrell, took photographs of the same construction site depicting the "Cross Here" sign in the middle of the block, directly abutting the blocked-off portion of the sidewalk. ECF No. 46-4. Littrell has further presented a "screenshot" picture of a video from the night of the accident, which depicts the corner of Spring and King streets. ECF No. 46-1. Although the video quality is far from high definition, no sign at the intersection of Spring and King is evident, providing some additional evidence that the "Cross Here" sign was located mid-block and not in its proper place at the intersection. Littrell has also indicated that an investigator named Bobby Minter and a police officer named Wojslawowicz also saw Landmark's sign located mid-block on more than one occasion and will testify to the same at trial. Finally, Littrell has presented evidence that

---

[3] Littrell also contends that Landmark's placement of its construction equipment obstructed Littrell's view and thus also proximately caused his injuries. Because a reasonable jury could find that Landmark's alleged placement of the "Cross Here" sign is a proximate cause of Littrell's injuries, the court need not address Landmark's alternative theory at this stage.

7

Landmark, weeks after the accident, placed a similar "Cross Here" sign at a different construction project in Charleston and again placed the sign mid-block, instead of at an intersection. ECF No. 46-8. Moreover, as this court has indicated, Landmark assumes, for the purposes of its motion, that the "Cross Here" sign was indeed positioned in the middle of the block where Littrell and Lausten crossed King Street. Viewing the evidence in the light most favorable to Littrell, the court must make the same assumption.

Landmark's argument fails because its alleged act of placing a sign that instructed pedestrians to "Cross Here"—in the middle of the King Street—is itself evidence of proximate causation. As outlined above, the touchstone of proximate cause is foreseeability. With that guidepost in mind, the court cannot conclude as a matter of law that a pedestrian being struck by a vehicle is an unforeseen consequence of placing a sign that reads "Cross Here" in the middle of a notoriously busy street. Intuitively, a sign that instructs a person to cross a street at a certain location creates a risk that the person may be prompted to actually cross the street there. And it is not unforeseeable that a pedestrian who complies with such an instruction might be struck by an oncoming vehicle and sustain injuries.

Unsurprisingly, local traffic-safety law contemplates as much. South Carolina has adopted the Federal Manual on Uniform Traffic Control Devices, S.C. Code Ann. § 56-5-920, which provides:

> A wide range of pedestrians might be affected by [construction] zones, including the young, elderly and, people with disabilities such as hearing, visual, or mobility. These pedestrians need a clearly delineated and usable travel path.
>
> [ . . . ]

> If the [construction] zone affects the movement of pedestrians, adequate pedestrian access and walkways shall be provided. If the [construction] zone affects accessibility and detectable pedestrian facility, the accessibility and detectability shall be maintained along the alternate pedestrian route
>
> [ . . . ]
>
> It must be recognized that pedestrians are reluctant to retrace their steps to a prior intersection for a crossing or to add distance or out of the way travel to a destination.

ECF No. 46-11 at 3. South Carolina law also commands pedestrians to "obey the instructions of any official traffic-control device specifically applicable to him unless otherwise directed by a police officer." S.C. Code Ann. § 56-5-3110(a). As such, the court cannot definitively say that Littrell's injury was not a probable or natural consequence of Landmark's placement of the "Cross Here" sign. Because the issue of foreseeability is inherently fact-intensive, the law commits it to the jury. See Jeffords v. Lesesne, 541 S.E.2d 847, 851 (S.C. Ct. App. 2000) ("Ordinarily, the question of proximate cause is a jury issue.").

Nevertheless, Landmark contends that its placement of the "Cross Here" sign, even if established, did not proximately cause Littrell's injuries because Littrell could have ignored the sign's instruction, turned around, and walked back to the intersection to cross the street at a crosswalk. In other words, Landmark states that its act cannot be a proximate cause of Littrell's injuries because its sign was instructive, not coercive. This argument misses the point because it focuses on what could have taken place, not what actually occurred. When assessing causation, the court does not deal in hypotheticals. Instead, it must take the facts as it finds them to determine whether the plaintiff's injury can be said to be a foreseeable consequence of the defendant's acts. Here, Littrell, regardless of the options available to him, resolved to cross King Street in the middle of

9

the block. Although Littrell's decision was not a necessary consequence of Landmark's placement of the "Cross Here" sign, the court cannot conclude that it was an unforeseeable one. Again, the law makes clear that Landmark's actions must be <u>a</u> proximate cause of Littrell's injury, not <u>the</u> proximate cause, meaning that Landmark's negligence may still be actionable even if other proximate causes exist. <u>Bishop</u>, 502 S.E.2d at 83 (emphasis added). As such, the court's finding that a reasonable jury could find Littrell's injury to be a foreseeable consequence of Landmark's act ends the inquiry. Thus, whether Landmark's act proximately caused Littrell's injury is a question reserved for the jury. <u>See</u> <u>Hurd v. Williamsburg Cty.</u>, 579 S.E.2d 136, 145 (S.C. Ct. App. 2003), aff'd, 611 S.E.2d 488 (S.C. 2005) ("Only in rare or exceptional cases may the question of proximate cause be decided as a matter of law.").

### B. Contributory Negligence

Next, Landmark contends that Littrell "cannot recover from Landmark because his own negligence exceeds fifty percent." ECF No. 33-1 at 28. Because this argument also implicates material factual disputes, it too is an improper ground for summary judgment.

"[U]nder South Carolina's doctrine of comparative negligence, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant." <u>Bloom v. Ravoira</u>, 529 S.E.2d 710, 713 (S.C. 2000). "Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." <u>Id.</u> (quoting <u>Creech v. S.C. Wildlife & Marine Res. Dep't</u>, 491 S.E.2d 571, 575 (S.C. 1997)). Where, however, "the evidence admits only one reasonable inference, it becomes a matter of law for the determination of the court." <u>Creech</u>, 491 S.E.2d at 575.

10

Because the determination of fault is an issue uniquely suitable and explicitly reserved for resolution by a jury, "summary judgment is generally not appropriate in a comparative negligence case." Bloom, 529 S.E.2d at 713.

Again, the evidence precludes the court from reaching a factual finding as a matter of law. To be sure, Landmark has presented evidence from which a jury could infer that Littrell is at least partly at fault for the injuries he sustained on February 12, 2017. For example, Landmark has offered evidence showing that Littrell was impaired by alcohol and drugs at the time of the accident.[4] See ECF Nos. 33-6, 33-7, 33-8. And Landmarks points out that a jury could very well conclude that Littrell's conduct—crossing King Street late at night without the benefit of a traffic light or crosswalk—was unreasonable. But some evidence of a plaintiff's negligent conduct does not warrant summary judgment in favor of the defendant. Indeed, the law permits summary judgment only where "the evidence admits only one reasonable inference"—that the plaintiff's negligence exceeds the defendant's. That is not the case here. The record contains evidence of negligence attributable to both Littrell and Landmark, and the court cannot conclude as a matter of law that the former outweighs the latter. Like the duty to determine proximate cause, the duty to apportion fault falls to the jury. Because the

---

[4] Landmark contends that a report from the Charleston Police Department's Major Accident Investigation Team constitutes "uncontroverted, objective evidence that [Littrell]'s intoxication/impairment was a direct cause of the accident and his ensuing injuries" because the report concluded that Littrell, not the driver of the vehicle, "was the sole contributing party responsible for the collision." ECF No. 33-1 at 30 (citing ECF No. 33-8 at 10). Of course, legal conclusions are within the sole preview of the court, and the legal opinions of the Charleston Police Department are worth little evidentiary value on summary judgment.

evidence permits more than one reasonable inference, South Carolina law prohibits the court from usurping that role.

Accordingly, the cases on which Landmark relies provide its argument no support: Bloom, 529 S.E.2d at 714; Hopson v. Clary, 468 S.E.2d 305, 307 (S.C. Ct. App. 1996); and Estate of Haley ex rel. Haley v. Brown, 634 S.E.2d 62, 63 (S.C. Ct. App. 2006). In Bloom, the plaintiff, like Littrell, crossed a busy street in the middle of the block and was struck by a vehicle. 529 S.E.2d at 714. But, unlike here, the record in Bloom contained no evidence of any fault on the part of the defendant—the driver of the vehicle. Because the record only contained evidence of the plaintiff's negligence, the court found that his fault exceeded the defendant's as a matter of law. Id. In Hopson, the plaintiff attempted a U-turn, and her vehicle was struck by the defendant's vehicle. Similar to the court in Bloom, the court in Hopson found that the plaintiff "simply failed to present any evidence establishing negligence on the part of" the defendant, despite her contentions that he had been speeding and crossed a yellow line. 468 S.E.2d at 308.[5] The only evidence on the record in Hopson tended to show that the plaintiff "attempted an inherently precarious maneuver without ascertaining whether she could do so safely." Id. As such, the court found that the plaintiff's own negligence exceeded any negligence attributable to the defendant as a matter of law.

The same goes for Haley, where the court found that the plaintiff's negligence exceeded the defendant's as a matter of law where the evidence belied any indication that

---

[5] And moreover, Hopson and Haley were before the Court of Appeals on an appeal from a directed verdict, not a motion for summary judgment, meaning that there, unlike here, the court granted judgment after receiving all the relevant evidence at trial. Hopson, 468 S.E.2d at 307; Haley, 634 S.E.2d at 63.

the defendant was negligent. 634 S.E.2d at 65 ("[T]he only allegation of negligence is that [the defendant] should have swerved and braked; but the evidence shows [the defendant] did swerve and applied his brakes."). In short, these cases are characterized by a total lack of competent evidence that the defendant acted negligently. Conversely, here, as the court has detailed, Littrell has presented competent evidence tending to show that Landmark acted negligently. The South Carolina Court of Appeals recently reversed a trial court's grant of summary judgment where the court relied on Bloom under facts similar to the ones here. Abdelgheny v. Moody, 852 S.E.2d 225, 228 (S.C. Ct. App. 2020) ("We understand how the trial court could have concluded [the plaintiff's] negligence exceeded [the defendant's][,] [b]ut arriving at that conclusion required choosing between the multiple inferences emerging from the evidence. [The law] reserves that choice to the jury."). As such, the court cannot conclude that Littrell's fault exceeds Landmark's fault as a matter of law, meaning that summary judgment is improper.[6]

### C. Intervening Acts

Finally, Landmark argues that Littrell's injuries "were proximately caused by the intervening negligence of third parties," meaning that the injuries cannot be attributed to Landmark as a matter of law. ECF No. 35 at 39. Once again, the court disagrees.

---

[6] In its motion, Landmark also mentions that Littrell's negligence exceeds fifty percent because "there is no evidence, even assuming the '[Cross Here]' sign was mid-block, that Plaintiff ever saw the sign." ECF No. 33-1 at 31. Of course, as the court has detailed, there is evidence in the record that the "Cross Here" sign was located on King Street mid-block, where Littrell crossed over King Street. Intuitively, evidence that the sign and Littrell were in the same place at the same time permits an inference Littrell observed the sign, meaning that the court must assume as much for the purposes of this motion. Liberty Lobby, 477 U.S. 242 at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

In South Carolina, "negligence, to render a person liable, need not be the sole cause of an injury; it is sufficient to show that it is a proximate concurring cause." Matthews v. Porter, 124 S.E.2d 321, 325 (1962). Where an intervening cause is "itself sufficient to stand as the cause of the injury," it is deemed to "break[ ] the sequence or causal connection between the defendant's negligence and the injury alleged" and thus exculpate the original negligent actor. Id. (quoting Tobias v. Carolina Power & Light Co., 2 S.E.2d 686, 688 (S.C 1939)). Where, however, the intervening act "was such that its probable or natural consequences could reasonably have been [ ] foreseen by the original wrongdoer, the causal connection is not broken and the original wrongdoer is responsible for all the consequences resulting from the intervening act.'" Id. This inquiry turns on a familiar cornerstone of tort law—foreseeability. Put as simply as the court can manage, where an intervening act renders the injury an unforeseeable consequence of the original act, the intervening act breaks the causal chain. But where the consequences of the original act are foreseeable, even in light of intervening negligence, the original tortfeasor remains liable for his or her negligence.

Landmark posits that three actors committed intervening negligent acts: Lausten, Ariana Bolchoz ("Bolchoz")—the driver of the vehicle—,and the City of Charleston (the "City"). Landmark explains that Lausten acted negligently in providing Littrell alcoholic beverages and leading him across King Street; that Bolchoz drove negligently because she consumed one alcoholic beverage prior to driving; and that the City negligently failed to ensure Landmark's compliance with local traffic-safety law. But, as the court has explained, evidence of other parties' negligence is of little value to the court on summary judgment. Not one of the negligent acts to which Landmark points, even if proven,

breaks the casual chain between Landmark's actions and Littrell's injuries because whether the latter is a foreseeable consequence of the former is an issue for the jury. The court cannot conclude that the intervening acts of alleged negligence rendered the accident unforeseeable. In other words, even in light of the acts of Lausten, Bolchoz, and the City, a reasonable jury could still conclude that the accident was a foreseeable consequence of Landmark's acts. At bottom, the inquiry is the same as the one the court declined to answer above. Therefore, the court denies Landmark's motion for summary judgment in full.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 2, 2021**
**Charleston, South Carolina**